IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN CARVER JOHNSON,

    Plaintiff,                   No. CIV S-05-0298 DFL JFM P

vs.

THE DIRECTOR OF
CORRECTIONS, et al.,

    Defendants.            ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 17, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

As he did in the original complaint, plaintiff names three defendants in the complaint, including the Director of Corrections and the Chief Medical Officer at California State Prison-Solano (CSP-Solano). The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2

1 omits to perform an act which he is legally required to do that causes the deprivation of which
2 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
3       Moreover, supervisory personnel are generally not liable under § 1983 for the
4 actions of their employees under a theory of respondeat superior and, therefore, when a named
5 defendant holds a supervisorial position, the causal link between him and the claimed
6 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
7 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
8 941 (1979).
9       In the court's March 17, 2005 order, plaintiff was advised that his claims against
10 the Director and the Chief Medical Officer are based on a theory of respondeat superior and
11 should not be included in any amended complaint.  Plaintiff has again named these two
12 individuals as defendants, and the allegations of the amended complaint specifically rely on their
13 supervisorial positions and the responsibilities attendant thereto as the basis for imposition of
14 liability on these two individuals. (See Amended Complaint, filed April 13, 2005, at 5-6.)
15 Plaintiff relies solely on a theory of respondeat superior to support his inclusion of the Director
16 and the Chief Medical Officer as defendants in this action and thus has failed to state a
17 cognizable claim for relief against either individual.
18       Plaintiff also names as a defendant Nurse Donald Neal.  Plaintiff again alleges
19 that on January 4, 2001, while eating dinner at CSP-Solano, he became unable to swallow or
20 regurgitate the food he had eaten.  He finally managed to force the food down, but thereafter
21 suffered extreme pain.  He was taken to the infirmary, where defendant Nurse Donald Neal asked
22 a series of irrelevant questions, refused to take x-rays that evening but told him to return in the
23 morning for x-rays, made him swallow Maalox, which intensified the pain, and sent him back to
24 his cell with instructions to return in the morning.  Overnight plaintiff continued to suffer
25 extreme pain and difficulty breathing, and he vomited blood and had fluctuations in his body
26 temperature.  The next morning plaintiff was taken to Queen of the Valley Hospital, where he

was diagnosed with a spontaneous rupture of the esophagus and a torn lower left lung. As with the original complaint, plaintiff alleges that defendant Neal's care was grossly negligent and constituted medical malpractice.[1] (Amended Complaint, at 6.)

In this court's March 17, 2005 order, plaintiff was advised that allegations of gross negligence and medical malpractice were insufficient to state a cognizable claim in this § 1983 action and that in order to proceed here in this § 1983 action he would have to allege a violation of his rights under the Eighth Amendment. (Order filed March 17, 2005, at 4.) Plaintiff has not, however, cured this defect in his amended complaint. Instead, he continues to rely on state tort claims of gross negligence and medical malpractice by defendant Neal, which are not cognizable in this § 1983 action.

Plaintiff has been given an opportunity to amend his complaint to state a cognizable § 1983 claim. The amended complaint has not cured the defects in his original complaint. However, in a motion to recuse this court filed with his amended complaint, plaintiff evidences an intent to rely, at least in part, on the Eighth Amendment. Accordingly, good cause appearing, plaintiff will be given one final opportunity to amend his complaint to raise a claim under the Eighth Amendment.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's rights under the Eighth Amendment. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff is once again informed that allegations of gross negligence and medical malpractice are insufficient to support a claimed violation of the Eighth Amendment, and plaintiff must expressly rely on the Eighth Amendment in order to state a cognizable § 1983 claim.

/////

---

[1] Exhibits appended to the amended complaint show that plaintiff's allegation of neglect against defendant Neal was sustained by the California Department of Corrections Officer of Internal Affairs-Northern Region. (See Ex. E to Amended Complaint.)

4

In addition, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In In this regard, plaintiff is again cautioned that his allegations against the Director of Corrections and the Chief Medical Officer at CSP-Solano are insufficient to state a cognizable claim against either individual.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On April 13, 2005, plaintiff filed a request for judicial notice and a motion to recuse the undersigned. The request for judicial notice is, in fact, argument with this court's previous order dismissing his complaint and does not contain facts that might be the subject of judicial notice. The request will be denied.

Plaintiff has not shown grounds that would warrant or require recusal of the undersigned. Cf. 28 U.S.C. § 455. Plaintiff's motion for recusal will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a

1  second amended complaint that complies with the requirements of the Civil Rights Act, the
2  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
3  must bear the docket number assigned this case and must be labeled "Second Amended
4  Complaint"; plaintiff must file an original and two copies of the second amended complaint;
5  failure to file a second amended complaint in accordance with this order will result in a
6  recommendation that this action be dismissed.

      3. Plaintiff's April 13, 2005 request for judicial notice is denied.

      4. Plaintiff's April 13, 2005 motion to recuse is denied.

DATED:  April 22, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
john2098.142