IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN CARVER JOHNSON,

      Plaintiff,                      No. CIV S-05-0298 DFL JFM P

      vs.

THE DIRECTOR OF
CORRECTIONS, et al.,                ORDER

      Defendants.

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights under the Eighth Amendment were violated on January 4, 2001 when defendant Donald Neal acted with deliberate indifference to plaintiff's complaints of chest pain. This matter is before the court on defendant Neal's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the action is barred by the one year statute of limitations found in California Code of Civil Procedure § 340(3). In the motion, defendant Neal contends this action should have been filed by January 4, 2002, and it is therefore time-barred.

          Defendant Neal's motion fails to address several matters relevant to whether this action is time-barred, including but not limited to: (1) whether the January 1, 2003 amendment to the applicable state statute of limitations, which extended the applicable limitation period to two years, applies to plaintiff's claims; (2) how application of the two year statutory tolling provision of California Code of Civil Procedure § 352.1 affects the timeliness of this action; (3) how the

1

rule that the limitation period is tolled while an inmate is exhausting administrative remedies as required by 42 U.S.C. § 1997e(a), see <u>Brown v. Valoff</u>, 422 F.3d 926, 943 (9th Cir. 2005), applies to the facts of this case, including but not limited to whether such tolling is subsumed by, or in addition to, the statutory tolling period of § 352.1; and (4) what the proper filing date for this action is under <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

The issues identified in the preceding paragraph are all relevant to a proper determination of whether this action is time-barred. Whatever conclusion may be mandated by proper analysis of all relevant questions, it is clear to the court that the action is not time-barred because it was not filed within one year of January 4, 2001.[1] The motion will therefore be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Defendant's May 12, 2006 motion to dismiss is denied without prejudice; and

2. Defendant is granted twenty days from the date of this order in which to file and serve, as appropriate, either a new motion to dismiss or an answer to the second amended complaint.

DATED: November 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12;john0298.o

---

[1] In his reply brief, defendant Neal responds to plaintiff's contention that the limitation period was tolled while he was exhausting administrative remedies. Therein, defendant Neal asserts that, even using the dates set forth by plaintiff in his opposition, the action is still untimely because it was not filed within one year of July 11, 2002, the date on which plaintiff's administrative grievance was rejected at the final level of administrative review. That assertion, too, is advanced without analysis of the issues identified in this order, and it is also clear to the court that the action is not barred just because it was not filed within one year of July 11, 2002.