1

2

3

4

5

6

7

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KELVIN CARVER JOHNSON,

11        Plaintiff,                No. CIV S-05-0298 DFL JFM P

12        vs.

13   THE DIRECTOR OF
     CORRECTIONS, et al.,           FINDINGS AND RECOMMENDATIONS
14
          Defendants.
15   _____/

16        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This matter is before the court on the motion of defendant Donald Neal, R.N.[1]

18   to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Defendant Neal contends this action is barred by

19   the statute of limitations.

20        In considering a motion to dismiss, the court must accept as true the allegations of

21   the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

22   (1976), construe the pleading in the light most favorable to the party opposing the motion and

23   resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied,

24   396 U.S. 869 (1969).  Moreover, pro se pleadings are held to a less stringent standard than those

25   _____

26        [1]  This action is proceeding on plaintiff's second amended complaint filed May 24, 2005.
     Defendant Neal is the only defendant named in the second amended complaint.

1    drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure

2    to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no

3    set of facts in support of the claim that would entitle him to relief.  See Hishon v. King &

4    Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

5    Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

6            California law determines the applicable statute of limitations in this § 1983

7    action.  See Wilson v. Garcia, 471 U.S. 261 (1985).  Until December 31, 2002, the applicable

8    state limitations period was one year.  See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)

9    (citing Cal.Civ.Proc.Code § 340(3) (West Supp. 2002); see also Maldonado v. Harris, 370 F.3d

10   945, 954-55 (9th Cir. 2004).[2]  Effective January 1, 2003, the applicable California statute of

11   limitations was extended to two years.  See Jones, 393 F.3d at 927 (citing Cal.Civ.Proc.Code §

12   335.1).  California law also tolls for two years the limitations period for inmates "imprisoned on

13   a criminal charge, or in execution under the sentence of a criminal court for a term less than for

14   life."  Cal.Civ.Proc.Code § 352.1.[34]

15   /////

16

17        [2]  Federal law governs when plaintiff's § 1983 claims accrued and when the limitations
     period begins to run.  Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).
18   Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know
     of the injury which is the basis of the action.'"  Id. (citations omitted).

19        [3]  "The California courts have read out of the statute the qualification that the period of
     incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling."
20   Jones, at 927 n.5 (citations omitted).

21        [4]  The limitation period is also tolled while an inmate is exhausting administrative
     remedies as required by 42 U.S.C. § 1997e(a).  See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir.
22   2005).  In the instant case, administrative exhaustion was completed during the two year period
     of statutory tolling.  (See Memorandum dated July 11, 2002, appended as exhibit to original
23   complaint; see also Memorandum dated May 1, 2002, appended as exhibit to original complaint.)
     The record reflects that petitioner was exhausting administrative remedies from May 18, 2001
24   until at least May 1, 2002, and perhaps July 11, 2002.  It is unsettled whether this period of
     tolling should be subsumed in the two year statutory tolling period of Cal. Code § 352.1 or added
25   as an additional period of tolling.  Defendant argues the former position, relying principally on
     propositions of state law and public policy.  The court does not resolve the question on this
26   record.

1    In the instant case, plaintiff alleges that his rights under the Eighth Amendment

2 were violated on January 4, 2001 when he went to the prison infirmary with complaints of chest

3 pain and defendant Neal acted with deliberate indifference to those complaints.  There is no

4 dispute that plaintiff's claim accrued on January 4, 2001.  At the time plaintiff's claim accrued,

5 in accordance with the provisions of Cal.Civ.Proc.Code §§340(3) and 352.1, he had until January

6 4, 2004 to file a civil rights action arising from those events.  On January 1, 2003, the statute of

7 limitations was extended to two years.  Federal law governs whether a new statute of limitations

8 applies retroactively.  See Jones v. Blanas, 393 F.3d 918, 927 n.4 (9th Cir. 2004).  Under federal

9 law, "'a newly enacted statute that lengthens the applicable statute of limitations may not be

10 applied retroactively to revive a plaintiff's claim that was otherwise barred under the old

11 statutory scheme'. . . ."  Jones, id. (quoting Chenault v. United States Postal Service, 37 F.3d

12 535, 539 (9th Cir. 1994)).  "A claim is barred, or 'stale,' if the applicable statute of limitations

13 period expires prior to the enactment of the statutory enlargement."  Jordan v. Herrera, 2003 WL

14 22668840, slip op. at 4 (C.D. Cal. 2003).  Where, as here, the limitations period on plaintiff's

15 cause of action had not expired at the time the statute of limitations was enlarged, the new

16 limitation period applies.  See id.[5]  Plaintiff therefore had until January 4, 2005 to file his civil

17 rights complaint.

18    The question of when the complaint was filed, however, is more complicated.

19 Under the rule announced in Houston v. Lack, 487 U.S. 266 (1988), this action is deemed filed

20 on the date it was delivered to prison officials for mailing.  Defendant asserts that because there

21 is no certificate of service attached to the original complaint, the filing date should be deemed the

---

[5]  Defendant asserts that the new two year statute of limitations does not apply retroactively and, therefore, that the applicable limitation period for plaintiff's claim is one year. (Defendant Donald Neal, RN's Memorandum of Points and Authorities in Support of His Motion to Dismiss, filed December 14, 2006, at 2-3.)  Defendant Neal does not, however, analyze how this principle applies to the facts of this case.  Moreover, defendant Neal then argues that the statute of limitations was tolled by the provisions of Cal. Code Civ. Proc. § 352.1(a) until January 4, 2003.  (Id. at 3.)  At that point, the new two year limitations period was in effect.  See Jones, at 927.

3

1  date on which the original complaint was file stamped by the Clerk of the Court in the United

2  States District Court for the Northern District of California.[6]  Defendant has failed, however, to

3  tender any legal authority or any factual support  for this proposition.

4          The record reflects that plaintiff's original complaint is dated November 29,

5  2004.[7]  Plaintiff's in forma pauperis application, filed the same day as the complaint, is dated

6  December 22, 2004.  The trust account statement appended to plaintiff's in forma pauperis

7  application is dated December 28, 2004.  The certificate of funds appended to the in forma

8  pauperis application was received by prison officials at California State Prison-Solano (CSP-

9  Solano) for completion on December 27, 2004, but was not signed by an authorized prison

10  official until January 5, 2005.  The original complaint was file stamped in the United States

11  District Court for the Northern District of California (Northern District) on January 25, 2005, and

12  was file stamped in this court on February 14, 2005 after an interdistrict transfer from the

13  Northern District.

14          There is nothing in the record that clearly establishes when the complaint and the

15  in forma pauperis application were delivered to prison officials for mailing.  It does appear,

16  however, that by December 27, 2004, plaintiff had completed both the complaint and the in

17  forma pauperis application and that he had delivered the in forma pauperis application to prison

18  officials at CSP-Solano to complete the necessary certification.  There was then a delay of at least

19  nine days before the trust account certification was signed by a prison official.  (See Prisoner's In

20  Forma Pauperis Application, filed January 25, 2005, at 4 (certification dated January 5, 2005).)

21  /////

22

23      [6] Defendant contends in the alternative that even if the date the complaint was signed,
24  November 29, 2004, is used as the filing date this action is still time-barred.  This argument
    proceeds from the erroneous application of a one year limitation period combined with the two
25  year tolling provision to the instant action.

26      [7] The action is now proceeding on plaintiff's second amended complaint, filed May 24,
    2005.

1  Thereafter, twenty more days passed before the action was file stamped in the United States
2  District Court for the Northern District of California.

3  As a general proposition, "'[w]hen a *pro se* petitioner alleges that he timely
4  complied with a procedural deadline by submitting a document to prison authorities, the district
5  court must either accept that allegation as correct or make a factual finding to the contrary upon a
6  sufficient evidentiary showing by the opposing party.'" Caldwell v. Amend, 30 F.3d 1199, 1202
7  (9th Cir. 1994) (internal citation omitted).  In the instant case, plaintiff has made no specific
8  allegation of the date on which he delivered his documents to prison officials for mailing, but he
9  plainly asserts that this action was timely filed.[8]  Defendant, who has both the burden to make a
10 factual showing sufficient to contradict an implicit assertion by plaintiff that his action was
11 timely under the mailbox rule, and to make both a factual and legal showing sufficient to prevail
12 on this motion, has made no evidentiary showing at all concerning the date on which this action
13 was delivered to prison officials for mailing.

14 This court finds that plaintiff had taken all steps necessary to prepare his
15 complaint and accompanying documents for mailing to the court on or before December 27,
16 2004.  This court further finds that defendant has failed to tender any evidence suggesting that
17 the documents were in fact delivered to prison officials for mailing to the court at a later date.
18 Accordingly, the court finds defendant has failed to meet his burden to show that plaintiff
19 delayed delivering the complaint to prison officials for mailing to the court until after the
20 operative limitation period expired.

21 For all of the foregoing reasons, defendant's motion to dismiss should be denied.
22 Accordingly, IT IS HEREBY RECOMMENDED that:

23 1.  Defendant's December 14, 2006 motion to dismiss be denied; and
24 /////

25 _____
26 [8]  Plaintiff focuses much of his attention in opposition to the motion on the alleged time it
   took to complete the process of exhausting administrative remedies.

2.  Defendant be directed to answer the second amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 25, 2007.


UNITED STATES MAGISTRATE JUDGE

12
john0298.mtd

6